# CONTRATO DE PROMESA DE COMPRAVENTA/ CONTRACT FOR A PROMISE OF SALE

## TRUMP OCEAN CLUB

### UNIDAD CONDO 1 RECÁMARA/ 1 BEDROOM CONDOMINIUM UNIT

Entre los suscritos a saber **ROGER KHAFIF** actuando en su condición de Presidente y Apoderado de la sociedad anónima denominada **NEWLAND INTERNATIONAL PROPERTIES CORP.**, (en adelante el "Promotor"), constituida de conformidad con las leyes de la República de Panamá, inscrita a la Ficha 521258, Documento 929232 Sección Mercantil del Registro Público de Panamá, que en adelante se denominará **EL PROMITENTE VENDEDOR**, por una parte y por la otra _____, de nacionalidad _____, portador del pasaporte número _____, actuando en nombre y representación de Bella Mar Corporation, S. A. una sociedad constituida de conformidad con las leyes de la República de Panamá registrada en 616649 documento 1348153 del Registro Público de Panamá, quien en adelante se denominará **EL PROMITENTE COMPRADOR**, hemos convenido en celebrar un contrato de promesa de compraventa, en adelante la **Promesa de Compraventa**, sujeta en un todo a las siguientes cláusulas:

**PRIMERA: EL PROMITENTE VENDEDOR** declara que es Promotor y Propietario de la Finca N° doscientos treinta y cuatro mil doscientos cuarenta (234240) inscrita al Rollo seiscientos siete mil ochocientos setenta (607870) de la Sección de Propiedad, Provincia de Panamá, del Registro Público ubicada en Punta Pacífica, Ciudad de Panamá, por lo que en dichas condiciones celebra esta **Promesa de Compraventa**.

**SEGUNDA: EL PROMITENTE VENDEDOR** quien igualmente es el Promotor declara que sobre la Finca indicada en la cláusula primera anterior en su calidad de Promotor ha proyectado construir un edificio de sesenta y seis (66) pisos de los cuales trece (13) niveles y un (1) sótano se destinarán a estacionamientos y novecientos veintiséis (926) unidades inmobiliarias para uso habitacional

Between the undersigned, to wit: **ROGER KHAFIF**, acting in his condition as President and empowered attorney of **NEWLAND INTERNATIONAL PROPERTIES CORP.** (herein the "Developer"), a corporation incorporated under the laws of the Republic of Panama, recorded in Card 521258, Document Redy 929232 of the Mercantile Public Register of Panama, hereinafter called **THE PROMISSOR SELLER** on one part; and Konston Bekagri, a _____ citizen with Passport Number _____, acting on behalf of Bella Mar Corporation, S. A. a corporation incorporated under the laws of the Republic of Panama, registered at Microjacket 616649, Document 1348153 of the mercantile section of the public registry of Panama, hereinafter called the **PROMISSOR BUYER**, have agreed to enter into this Agreement or Contract for a Promise of Sale, hereinafter the **Promise of Sale**, subject to the following clauses:

**ONE:** The **PROMISSOR SELLER** states that he is Developer and Owner of Lot No. 234240, recorded in Document Redy 607870, Province of Panama, Property Section, Public Registry Office of Panama, located in Punta Pacifica, Panama City due to which said conditions enters into this **Promise of Sale**.

**TWO:** The **PROMISSOR SELLER**, who is Owner of the Lot mentioned in **Clause One** above he intends to construct a 66 story building with 13 stories and a basement to be destined for parking, and approximately 926 units for residential use to be divided between residential condominium units and hotel-condominium units. The Building will have offices and commercial locales located on different levels. The Developer has been further licensed to name the above mentioned building "**Trump Ocean Club International Hotel & Tower**" hereinafter **The Building**, which shall be

1

divididas entre unidades de condominio y unidades de condominio-hotelero, así como varias Oficinas y Locales Comerciales ubicados en diversos pisos y niveles, edificio que el Promotor tiene licencia para denominarlo "**Trump Ocean Club Internacional Hotel & Tower**", en adelante se denominará simplemente "**el Edificio**", el que estará sometido a Régimen de Propiedad Horizontal, en adelante simplemente el **Reglamento de Propiedad Horizontal**.

**TERCERA: EL PROMITENTE VENDEDOR** declara que "**el Edificio**" será construido con sujeción a los lineamientos y especificaciones de la licencia del nombre **Trump®** y de conformidad con el diseño arquitectónico elaborado por la firma **Arias Serna y Saravia S.A.** con la intervención del Arquitecto Edwin Brown. Es entendido que el diseño antes aludido podrá ser modificado por **EL PROMITENTE VENDEDOR** siempre que la variación no implique una alteración del conjunto ofrecido de acuerdo con el criterio de los arquitectos diseñadores.

**CUARTA: EL PROMITENTE COMPRADOR** se obliga en virtud de esta **Promesa de Compraventa** a comprar libre de gravámenes, los derechos de propiedad y posesión de la **Unidad Inmobiliaria de Condominio** N° _4514_ de "**el Edificio**", en adelante simplemente "**la Unidad**".

(a) "**La Unidad**" tendrá una superficie aproximada de _100.42_ metros cuadrados (M2) equivalente a _1081_ pies cuadrados (ft2) y constará de sala-comedor, terraza o balcón, **UNA (1)** recámara y uno punto cinco (1.5) baños.

(b) "**La Unidad**" tendrá los siguientes terminados: Piso de mármol, todas las divisiones repelladas y pintadas en ambas caras, cocinas modulares con mesón en granito, mesones en granito en los baños con cenefas en mármol, y grifería y acabados importados.

(c) Adicionalmente, la propiedad de "**la Unidad**" le da derecho a **EL PROMITENTE COMPRADOR** al uso exclusivo de **UN (1)** estacionamiento y al uso comunal de estacionamientos adicionales en "**el Edificio**".

(d) El precio de venta de "**la Unidad**" indicado en

subject to the incorporation, by-laws and the rules and regulations of the Condominium Association, hereinafter the **Condominium Regulations**.

**THREE**: The **PROMISSOR SELLER** states that **The Building** will be constructed subject to the guidelines and specifications in the **Trump® License** and in accordance with the architectural design prepared by **Arias, Serna & Saravia S.A.** with participation of the Architect **Edwin Brown**. The Parties understand that the **PROMISSOR SELLER** can modify the architectural design mentioned above, provided that any alterations made do not entail altering the overall setting offered according to the designer's architects' criteria.

**FOUR**: Under this **Promise of Sale** the **PROMISSOR BUYER** agrees to buy lien free, all property and possession rights of the real estate **Unit of the Condominium** number _4514_ of **The Building**, hereinafter called **The Unit**.

(a) **The Unit** will have an approximate area of _100.42_ sq. mtrs. ( _1081_ sq.ft.) and will include a living room / dining room area, kitchen/kitchenette, terrace, **ONE (1)** bedroom and one and a half (1.5) bathrooms.

(b) **The Unit** will be finished as follows: marble floors, divisions will be plastered and painted on both sides, kitchens/ kitchenettes with granite tops, bathrooms with granite tops and marble lining.

(c) **The Unit** will entitle the **PROMISSOR BUYER** to exclusive use of **ONE (1)** parking space and the common use of additional parking spaces in **The Building**.

(d) The sale price of **The Unit**, as indicated in **Clause Six** hereof has been agreed to take in consideration **The Unit's** approximate area as indicated in this **Clause Four** hereof. The Parties hereby agree that any increase or reduction in area up to a maximum of five per cent (5%) will result in a proportional and automatic modification of **The Unit's** sale price. Should the area of **The Unit** increase or decrease, such modification will be noticed in writing by the **PROMISSOR SELLER** to the **PROMISSOR BUYER** who hereby agrees to such modification if it is within a five per cent

la **Cláusula SEXTA** de este documento, ha sido convenido teniendo en consideración el área estimada de **"la Unidad"** indicada en esta **Cláusula CUARTA**. Queda convenido entonces que cualquier aumento o disminución de área hasta un tope máximo del cinco por ciento (5%) genera la modificación proporcional y automática del precio de venta de **"la Unidad"**. De presentarse aumento o disminución de área de **"la Unidad"**, **EL PROMITENTE VENDEDOR** así lo notificará inmediatamente por escrito a **EL PROMITENTE COMPRADOR**, quien desde ya lo acepta si este se encuentra dentro del tope del cinco por ciento (5%), así como también acepta la variación del precio, la cual en caso de generar un mayor valor será pagado proporcionalmente por este último junto con los cuatro pagos indicados en las secciones ii), iii) y iv) del literal (a) de la **Cláusula SEXTA** de este documento.

(e) En caso que el incremento o la disminución del área de **"la Unidad"** sea superior al cinco por ciento (5%), procederá consecuentemente la modificación proporcional del precio pero se conviene que **EL PROMITENTE COMPRADOR** podrá declarar terminado de pleno derecho por mutuo disenso esta **Promesa de Compraventa**, y las partes transigen desde ya cualquier discusión presente o futura ante cualquier autoridad sobre el cumplimiento de sus obligaciones derivadas de esta **Promesa de Compraventa**, por lo que **EL PROMITENTE VENDEDOR** devolverá a título de transacción por terminación al **PROMITENTE COMPRADOR** todas las sumas de dinero que se hubieren abonado hasta la fecha a buena cuenta del precio de **"la Unidad"**, más intereses compensatorios calculados al tres por ciento (3%) anual. En caso que **EL PROMITENTE COMPRADOR** decida la terminación de la **Promesa de Compraventa** por razón de lo indicado en esta sección, deberá así notificarlo por escrito a **EL PROMITENTE VENDEDOR** a más tardar a los quince (15) días calendario de haber recibido la notificación de la modificación del área. En caso del silencio por parte de **EL PROMITENTE COMPRADOR**, se entiende como su señal inequívoca de conformidad con la nueva área y con el nuevo precio.

**QUINTA**: **EL PROMITENTE COMPRADOR** se obliga a adquirir y pagar en forma adicional al

(5%) limit. The **PROMISSOR BUYER** further accepts the alteration in the price which, in the event of an increase, will be paid by the **PROMISSOR BUYER** together with the last four payments indicated in sections ii), iii) and iv) of paragraph (a) of **Clause Six** hereof.

(e) If the increase or reduction in the area of **The Unit** is greater than five percent (5%), the price will be modified in a manner proportional thereto, notwithstanding which the **PROMISSOR BUYER** may terminate this **Promise of Sale** and the Parties hereby agree that any present or future dispute before any authority concerning their obligations included in this **Promise of Sale** is settled herein and consequently, the **PROMISSOR SELLER** will return the **PROMISSOR BUYER** all sums of money received to date in payment for **The Unit** price, plus a compensation interest equivalent to three per cent (3%) per annum. In the event that the **PROMISSOR BUYER** decides to terminate this **Promise of Sale** as a result of the modification referred to in the preceding sentence, said termination will be notified in writing to the **PROMISSOR SELLER** no later than fifteen (15) calendar days after receiving notice of the alteration in area being greater than five percent (5%). Silence by the **PROMISSOR BUYER** concerning this alteration will be understood as an unmistakable sign and agreement of conformity with the new area and new price.

**FIVE:** In addition to **The Unit** price, the **PROMISSOR BUYER** agrees to purchase and pay the price of a membership, hereinafter called the **Membership**, to use the **Building's** Beach Club. The **Membership** price will be determined according to the following table, based on the number of bedrooms in **The Unit** and payment thereof will be made together with the balance due on **The Unit** price as stated in CLAUSE SIX.

| Type of Unit | Type of Share | Price (in US$) |
| --- | --- | --- |
| 1 bedroom | A | 10,000 |
| 2 bedroom | B | 14,000 |
| 3 bedroom | C | 18,000 |

precio de "la Unidad", el valor de una acción o membresía en adelante "la Acción", para el uso del Club de Playa de "el Edificio". El precio de "la Acción" se determina según la siguiente tabla elaborada con base en el número de recámaras que tenga "la Unidad" y su pago se hará junto con el pago del saldo del precio de "la Unidad" conforme se indica en la **Cláusula SEXTA**.

| Tipo de Unidad | Clase de Acción | Precio (US$) |
|---|---|---|
| 1 Recámara | A | 10,000 |
| 2 Recámaras | B | 14,000 |
| 3 Recámaras | C | 18,000 |

**SEXTA:** Las partes declaran que el precio de venta de "la Unidad" objeto de este contrato es la suma de _Three Hundred Eighty Eight Thousand Eight Hundred_ **DÓLARES AMERICANOS CON 00/100 (US $ 388,800.00 )** y que el precio de venta de "la Acción" es la suma de _Ten Thousand_ **DÓLARES AMERICANOS CON 00/100 (US $ $10,000.00 )**. Los dos conceptos totalizan _Three Hundred Ninety Eight Thousand Eight Hundred_ **DÓLARES AMERICANOS CON 00/100 (US$ 398,000.00 )**.

(a) Esta última suma será pagada por **EL PROMITENTE COMPRADOR** a la orden del **PROMITENTE VENDEDOR** de la siguiente forma:

i) La suma de _Thirty Eight Thousand Eight Hundred Eighty_ (US $ 38,880.00 ) equivalente al diez por ciento (10%) del precio de venta de "la Unidad", a la firma de la presente **Promesa de Compraventa**, suma a ser depositada en el HSBC en la cuenta de garantía o Escrow Account No. 048-160097-093.

ii) La suma de _Thirty Eight Thousand Eight Hundred Eighty_ (US $ 38,880.00 ) equivalente al diez por ciento (10%) del precio de venta de "la Unidad", a los diez (10) días siguientes de Mayo 5, 2007.

iii) La suma de _Thirty Eight Thousand Eight Hundred Eighty_ (US $ 38,880.00 ), equivalente al diez por ciento (10%) del precio de venta de

**SIX:** The parties hereby declare that the sale price of **The Unit** is _Three Hundred Eighty Eight Thousand Eight Hundred_ **U.S. DOLLARS AND 00/100 (US$ 388,800.00 )** and that the sale price of the **Membership** is _Ten Thousand_ **U.S. DOLLARS AND 00/100 (US$ $10,000.00 )**. Together, they add up to _Three Hundred Ninety Eight Thousand Eight Hundred_ **U.S. DOLLARS AND 00/100 (US$ 398,000.00 )**.

(a) The **PROMISSOR BUYER** will pay the **PROMISSOR SELLER** this last sum as follows:

i) _Thirty Eight Thousand Eight Hundred Eighty_ **U.S. DOLLARS AND 00/100 (US$ 38,880.00 )** equal to ten per cent (10%) of the sale price of **The Unit** upon the execution of this **Promise of Sale**, this amount to be deposited in HSBC FID3035/PANAMA A/C to the Escrow Account No. 048-160097-093.

ii) _Thirty Eight Thousand Eight Hundred Eighty_ **U.S. DOLLARS AND 00/100 (US$ 38,880.00 )** equal to ten per cent (10%) of the sale price of **The Unit**, ten (10) days after May 5th, 2007.

iii) _Thirty Eight Thousand Eight Hundred Eighty_ **U.S. DOLLARS AND 00/100 (US$ 38,880.00 )** equal to ten per cent (10%) of the sale price of **The Unit**, divided into two (2) equal installments, each equal to five per cent (5%) of the sale price of **The Unit**, the first installment to be paid May 5th, 2008 and the second installment to be paid May 5th, 2009 and;

iv) The balance due on the sale price of **The Unit**, together with the sale price of the **Membership**, which together adds up to _Two Hundred Eighty Two Thousand One Hundred Sixty_ **U.S. DOLLARS AND 00/100 (US$ 282,160.00 )** to be paid to

"la Unidad" dividida en dos (2) contados iguales equivalentes al cinco por ciento (5%) del precio de venta de "la Unidad", el primero de ellos cumplido en Mayo 5 del 2008 y el segundo cumplido en Mayo 5 del 2009 y;

iv) El saldo restante del precio de venta de "la Unidad", adicionado en el precio total de venta de "la Acción", conceptos que conjuntamente totalizan la suma de Two Hundred Eighty Two Thousand One Hundred Sixty DOLARES (US $ 282,160.00 ), a ser pagados a satisfacción del PROMETIENTE VENDEDOR mediante transferencia bancaria o cheque certificado o de gerencia de un banco aceptable para este a mas tardar el mismo día de la firma de la Escritura Pública de Compraventa, en caso que EL PROMITENTE COMPRADOR pague directamente dicho saldo sin crédito o financiación de una entidad bancaria o financiera, o en el caso que opte por un crédito para el pago de la suma indicada en esta sección iv), este pago se hará al momento de la inscripción en el Registro Público de la citada Escritura Pública de Compraventa de "la Unidad", a través de un banco de primer orden de la Ciudad de Panamá, aceptable para EL PROMITENTE VENDEDOR, según constará en Carta Irrevocable de Pago expedida por dicha entidad bancaria a favor del PROMITENTE VENDEDOR o de la persona natural o jurídica que éste designe, carta que deberá presentarse como condición previa para firmar la Escritura Pública de Compraventa. Las obligaciones del PROMITENTE COMPRADOR aquí indicadas no está sujetas ni condicionadas a la aprobación de créditos o financiamientos a su favor.

(b) En caso que EL PROMITENTE COMPRADOR no cumpla en oportunidad con el pago del precio conforme a las cantidades, formas

the PROMISSOR SELLER'S satisfaction by wire transfer or certified check from a bank accepted by the PROMISSOR SELLER no later than on the date of execution of the **Public Deed of Sale**, in the event that the **PROMISSOR BUYER** pays said balance directly without credit or financing from a banking or financial entity; in the event that the **PROMISSOR BUYER** uses a loan to pay the balance stated in this section, payment will be made when recording the above mentioned **Public Deed of Sale** of **The Unit** in the Public Registry, through a first class bank in Panama, accepted by the **PROMISSOR SELLER** as stated in a Letter of Irrevocable Payment issued by the bank in favor of the **PROMISSOR SELLER** or of the person or legal entity appointed by the **PROMISSOR SELLER**. Presenting said Letter of Irrevocable Payment is a precondition to the execution of the **Public Deed of Sale**. **PROMISSOR BUYER'S** obligations hereunder are not conditional upon his/her ability to obtain credit or financing.

(b) In the event that the **PROMISSOR BUYER** fails to pay the price according to the amounts, procedures and dates agreed in sections i) through iv) of paragraph (a) of the above, or otherwise fails to perform his/her promises under this **Promise of Sale**, the **PROMISSOR SELLER** may unilaterally and without prior judicial action or representation of any type or kind, determine that the **PROMISSOR BUYER** has unilaterally refrained from buying **The Unit** and has defaulted under this Agreement, in which case the **PROMISSOR SELLER** in its sole discretion will be free to demand full compliance hereof, or to exercise the right to terminate the **Promise of Sale** for cause, which is expressly acknowledged by the Parties. In the latter event, the **PROMISSOR SELLER** may freely and immediately dispose of **The Unit** and the **Membership** hereof, under any title and without any type of restriction.

de pago y fechas establecidas en las secciones i) a iv) del literal (a) de esta **Cláusula SEXTA**, o incumple cualquier obligación derivada de esta **Promesa de Compraventa**, **EL PROMITENTE VENDEDOR** queda facultado para determinar a su exclusivo criterio y sin la necesidad de declaración judicial previa de ningún tipo, que **EL PROMITENTE COMPRADOR** ha desistido unilateralmente de comprar "**la Unidad**" y ha incumplido este Contrato, por lo que queda **EL PROMITENTE VENDEDOR** en libertad de exigir o bien el fiel cumplimiento del presente contrato, o alternativamente de declararlo terminado de pleno derecho, por causa expresa prevista por las partes; en esta última hipótesis puede **EL PROMITENTE VENDEDOR** volver a disponer en forma libre e inmediata a cualquier título y sin ningún tipo de restricción, de "**la Unidad**" y de "**la Acción**" objeto de esta **Promesa de Compraventa**.

(c) En caso que **EL PROMITENTE COMPRADOR** incumpla sus obligaciones conforme a lo indicado en el literal (b) precedente y **EL PROMITENTE VENDEDOR** en consecuencia declare terminado de pleno derecho esta **Promesa de Compraventa**, todas las sumas que **EL PROMITENTE COMPRADOR** hubiere abonado a buena cuenta del precio de "**la Unidad**" quedarán a favor de **EL PROMITENTE VENDEDOR** a título de restablecimiento acordado por daños y perjuicios sin necesidad de ningún tipo de declaración judicial previa.

**SÉPTIMA:** **EL PROMITENTE VENDEDOR** pondrá a disposición "**la Unidad**" para su entrega y recibo por parte de **EL PROMITENTE COMPRADOR**, una vez se cumpla con las siguientes condiciones:

   i) Que se haya expedido el permiso de Ocupación por parte de las autoridades competentes.

   ii) Que **EL PROMITENTE COMPRADOR** haya efectivamente hecho los pagos a que se refiere la **cláusula SEXTA** de esta **Promesa de Compraventa** y se haya firmado la **Escritura Pública de Compraventa** y

(c) Should the **PROMISSOR BUYER** fail to fulfill the obligations agreed to herein and the **PROMISSOR SELLER** terminates this **Promise of Sale**, all sums paid by the **PROMISSOR BUYER** as part of the price of **The Unit**, will remain and belong in favor of the **PROMISSOR SELLER** as a liquidated and agreed upon damages without any need of any prior judicial action or representation.

**SEVEN:** The **PROMISSOR SELLER** will make **The Unit** available to the **PROMISSOR** BUYER when the following conditions are met:

   i) That the corresponding authorities issue the Occupation Permit,

   ii) That the **PROMISSOR BUYER** has made every payment referred to in **Clause Six** above and the **Public Deed of Sale** is signed and,

   iii) That any balance due on the Price of **The Unit** and the membership is made in cleared funds or when the **Public Deed of Sale** is executed, the **PROMISSOR BUYER** has provided the **PROMISSOR SELLER** with a Letter of Irrevocable Payment issued by a bank accepted by the **PROMISSOR SELLER** to pay said balance due on the price of **The Unit** and the **Membership** effective when the **Public Deed of Sale** is recorded.

(a) The **PROMISSOR BUYER** agrees to pay the **PROMISSOR SELLER** interest equal to a monthly sum of one and one half per cent (1.5%) of the difference resulting from subtracting the amounts effectively paid from the total **Unit** price, thirty (30) days from the moment the Occupation Permit is issued for the **Building**, to one of the following dates:

   i) The **Closing** date in which the **Public Deed of Sale** of **The Unit** is signed, in the event that the balance due is paid without a loan from a financial entity; or

   ii) The date in which the Bank pays the Letter of Irrevocable Payment, in the

iii) Que en caso que aún faltase por abonar efectivamente el saldo del precio de "**la Unidad**" y de "**La Acción**" en el momento de la firma de la **Escritura Pública de Compraventa**, **EL PROMITENTE COMPRADOR** haya entregado una Carta Irrevocable de Pago emitida por un banco aceptado por **EL PROMITENTE VENDEDOR** para pagar el saldo pendiente del precio de "**la Unidad**" y de "**la Acción**, a ser efectiva cuando quede inscrita la **Escritura Pública de Compraventa**.

(a) **EL PROMITENTE COMPRADOR** se obliga a pagar a título de intereses a la orden de **EL PROMITENTE VENDEDOR** una suma mensual igual al uno y medio por ciento (1.5%) de la diferencia que resulta de sustraerle al precio total de "**la Unidad**" las sumas efectivamente abonadas a buena cuenta del precio, 30 días después la expedición del Permiso de Ocupación de "**el Edificio**" hasta una de las siguientes fechas:

    i) La fecha en que se firme la **Escritura Pública de Compraventa** de "**la Unidad**" en caso que el saldo del precio se pague sin crédito de entidad financiera, o

    ii) La fecha en que el Banco efectivamente pague la Carta Irrevocable de Pago, en caso que el saldo del precio se pague con crédito de una entidad financiera.

(b) Desde la expedición del Permiso de Ocupación por parte de las autoridades respectivas, son de cuenta y cargo exclusivo de **EL PROMITENTE COMPRADOR** el pago de la tasa de servicio de agua, electricidad, costos de mantenimiento necesario para el buen uso del bien o requeridos para "**la Unidad**" y la suma que corresponda mensualmente a los gastos o aportes al condominio que sean establecidos para "**la Unidad**" por el **Reglamento de Propiedad Horizontal**.

<u>OCTAVA</u>: La **Escritura Pública de Compraventa** es el documento jurídico que conforme a la ley panameña perfecciona esta

event that the price is paid with a loan from a financial entity.

(b) From the moment in which the Occupation Permit is issued by the corresponding authorities, the **PROMISSOR BUYER** will be solely and exclusively responsible for paying all utilities such as water, electricity, as well as all maintenance costs that are necessary to make good use of the property or required for the Unit and any sum corresponding to monthly expenses or capital expenses established for **The Unit** under the **Condominium Regulations.**

<u>EIGHT:</u> According to Panama Law, the execution of the **Public Deed of Sale** is the legal document under which ownership changes hands. Consequently, the **PROMISSOR BUYER** must execute said document after the corresponding authorities have issued the Occupation Permit of the **Building**. Failure to execute the **Public Deed of Sale** by the **PROMISSOR BUYER** after more than ninety (90) calendar days from the date in which the Occupation Permit is issued, is considered to be a serious breach of the obligations agreed to by **PROMISSOR BUYER**.

<u>NINE:</u> The contracting parties under this **Promise of Sale** agree that in the event of default by **PROMISSOR BUYER** of any obligation agreed to hereunder, **PROMISSOR SELLER** may freely decide in it sole discretion whether to demand compliance thereof or terminate the **Promise of Sale** without the need for any prior statement or determination by any authority, in which case **PROMISSOR SELLER** shall keep all sums paid by the **PROMISSOR BUYER** as part of the price of **The Unit.**

<u>TEN</u>: The **PROMISSOR BUYER** or any legitimate assignee thereof, irrevocably agrees to the following responsibilities and obligations:

    i) To execute the **Public Deed of Sale** after receiving notice that the Occupation Permit has been issued.

    ii) To comply with and adjust to the obligations and limitations contained in the **Condominium Regulations** as approved for the **Building** and to pay the

7

negociación al transferir la propiedad por lo que su firma por parte de **EL PROMITENTE COMPRADOR** debe efectuarse luego de haber sido notificado que el Permiso de Ocupación de "**el Edificio**" ha sido expedido por las autoridades respectivas. En consecuencia, se entenderá que **EL PROMITENTE COMPRADOR** ha incumplido gravemente sus obligaciones, si transcurrieran más de noventa (90) días calendarios contados a partir de la expedición del Permiso de Ocupación sin que **EL PROMITENTE COMPRADOR** haya firmado la **Escritura Pública de Compraventa**.

**NOVENA:** Las partes contratantes convienen en que en caso que **EL PROMITENTE COMPRADOR** incumpla alguna de las obligaciones contraídas en esta **Promesa de Compraventa**, **EL PROMITENTE VENDEDOR** podrá a su arbitrio o bien exigir el cumplimiento de la obligación que se trate, o bien dar por terminado la **Promesa de Compraventa** sin previo pronunciamiento de ninguna autoridad y en este caso retendrá para sí por incumplimiento de la **Promesa de Compraventa** las sumas de dinero abonadas por **EL PROMINENTE COMPRADOR** a buena cuenta del precio de "**la Unidad**".

**DÉCIMA:** EL PROMITENTE COMPRADOR o sus cesionarios legítimos asumen irrevocablemente las siguientes responsabilidades y obligaciones:

    i) Firmar en tiempo la **Escritura Pública de Compraventa** luego de haber sido notificado de la expedición del Permiso de Ocupación de "**el Edificio**".

    (ii) Cumplir y ajustarse a las obligaciones y restricciones que imponga el **Reglamento de Propiedad Horizontal** que se apruebe para "**el Edificio**" y pagar la cuota mensual que sea fijada por la Asamblea de Propietarios para los gastos de administración y mantenimiento de las áreas comunes, a partir de la fecha en que sea expedido el Permiso de Ocupación.

    (iii) Entregar oportunamente al monthly administration and maintenance fee established, from the date in which the Occupation Permit is issued.

iii) To provide the **PROMISSOR SELLER** with the necessary debt-free certificate and all other documents required for the **Closing** and for recording the **Public Deed of Sale**.

iv) To accept the **PROMISSOR SELLER** or any individual appointed thereby as Manager and Representative of **The Building** and the Condominium for a period of thirty six (36) months after the occupancy permit after which the Co-Owners' Meeting can decide otherwise through the special quorum established in the **Condominium Regulations**.

v) To pay to the **PROMISSOR SELLER** the monthly sums set forth herein starting on the date in which the Occupation Permit is issued.

vi) To refrain from assigning or transferring the rights and obligations resulting hereunder, whether in whole or in part without prior written consent by the **PROMISSOR SELLER** to be exercised by **PROMISSOR SELLER** in its sole discretion. In the event that **PROMISSOR SELLER** authorizes assigning said rights and obligations, **PROMISSOR BUYER** will pay **PROMISSOR SELLER** an eight per cent (8%) commission on the price of **The Unit** which corresponds three per cent (3%) for handling fees and five per cent (5%) in the event a broker service is required. The **PROMISSOR SELLER** anticipates introducing a resale program upon selling 85% of the entire building.

vii) To refrain from interfering in the construction of **The Building** or from requesting alterations or additional structure, ornamentation, equipment or finishing details.

viii) To pay the contribution established to

8

**PROMITENTE VENDEDOR** cuando lo solicite y en las fechas que este indique, los certificados de Paz y Salvo y los demás documentos que sean requeridos para la firma de la **Escritura Pública de Compraventa** y posteriormente para su inscripción en el Registro Público.

(iv) Aceptar como Administrador y Representante de **"el Edificio"** y de la copropiedad al **PROMITENTE VENDEDOR** o a quien él designe por un periodo de treinta y seis (36) meses desde la expedición del Permiso de Ocupación y posteriormente hasta la fecha en que la Asamblea de Propietarios decida otra cosa con el quórum especial calificado que constará en el **Reglamento de Propiedad Horizontal**.

(v) Pagarle al **PROMITENTE VENDEDOR** a partir de la fecha de expedición del Permiso de Ocupación, las sumas mensuales que esta **Promesa de Compraventa** establece.

(vi) A no ceder o traspasar total o parcialmente los derechos y obligaciones derivadas de esta **Promesa de Compraventa**, sin haber obtenido el consentimiento previo y escrito de **EL PROMITENTE VENDEDOR**, consentimiento que será discrecional de este último de darlo o no darlo. En caso que se autorice la cesión, esta genera a cargo de **EL PROMITENTE COMPRADOR** y a favor de **EL PROMITENTE VENDEDOR** el reconocimiento y pago de una comisión equivalente al ocho por ciento (8%) del precio de **"la Unidad"** el que se descompone en tres por ciento (3%) de honorarios por manejo y cinco por ciento (5%) en caso que participe un comisionista o agente. **EL PROMITENTE VENDEDOR** manifiesta expresamente que es su propósito el de lanzar un programa de

create the initial fund that will be used and managed by the Condominium of **The Building**.

ix) To accept that, according to the **Condominium Regulations**, the ownership and sale of the rooftop if any will be decided solely and exclusively by the **PROMISSOR SELLER**.

x) To accept that the **PROMISSOR SELLER** will have parking spaces and storage rooms in the **Building**, and that the **PROMISSOR SELLER** may decide whether to sell them or not and that any sale thereof of any type corresponds solely and exclusively to the **PROMISSOR SELLER** and its sole discretion.

**ELEVEN**: In the event that after executing this **Promise of Sale** any event or circumstance or novelty of any nature should arise, or certain conditions are not met so that in the exclusive opinion and discretion of the **PROMISSOR SELLER** the construction of **The Building** is unadvisable or unreasonable to continue, the **PROMISSOR SELLER** has the right to decline from constructing **The Building** and the **PROMISSOR BUYER** hereby expressly and unquestionably agrees to and accepts said right and decision, in which case the Parties hereto agree that this **Promise of Sale** will terminate and therefore they agree to settle any present or future dispute before any competent authority concerning the compliance of the obligations agreed to hereunder by the return that the **PROMISSOR SELLER** will make of all amounts paid by **PROMISSOR BUYER** as part of the price of **The Unit**, along with a compensation interest estimated at three per cent (3%) per year, altogether as termination settlement sum.

**TWELVE**: The price of **The Unit** indicated in **Clause Six** hereof has been agreed considering current construction costs, as well as the cost of salaries, manual labor, worker's compensation, tax related liabilities and the price of construction material in force at the time this **Promise of Sale** is executed.

reventas una vez se haya alcanzado la celebración de promesas de compraventa sobre el 85% de "**el Edificio**".

(vii) A no interferir en la construcción de "**el Edificio**" ni a solicitar cambios ni adiciones en su estructura, ornamentación, dotación o acabados.

(viii) Aportar la suma de dinero destinada a constituir el fondo inicial para uso y disposición de la Asamblea de Propietarios de "**el Edificio**".

(ix) Aceptar que sobre la terraza de "**el Edificio**" y de conformidad con el **Reglamento de Propiedad Horizontal**, la propiedad y disposición de la misma será de criterio exclusivo de **EL PROMITENTE VENDEDOR**.

(x) Aceptar que habrá espacios de parqueaderos y depósitos en "**el Edificio**" de propiedad de **EL PROMITENTE VENDEDOR**, los que podrán ser vendidos o no por este y cuya disposición a cualquier título le corresponde en forma exclusiva a **EL PROMITENTE VENDEDOR**.

**DÉCIMO PRIMERA:** En caso que después de la firma de esta **Promesa de Compraventa** no se dieran ciertos supuestos, o se presentase cualquier hecho, circunstancia o novedad de cualquier naturaleza que a criterio. exclusivo de **EL PROMITENTE VENDEDOR** impidan o hagan poco aconsejable o razonable continuar con la construcción de "**el Edificio**", este último se reserva con el conocimiento y aceptación de **EL PROMITENTE COMPRADOR** que se entiende inequívocamente expresado por la firma de este documento, el derecho de desistir de la construcción de "**el Edificio**", por lo que las partes convienen en que de presentarse esta situación se entienda terminado de pleno derecho por mutuo consenso esta **Promesa de Compraventa**, y las partes transigen desde ya cualquier discusión presente o futura ante cualquier autoridad sobre el cumplimiento de sus obligaciones derivadas de esta **Promesa de Compraventa**, por lo que **EL**

(a) The parties therefore agree that any increase in the above mentioned costs will entitle the **PROMISSOR SELLER** to increase the price of **The Unit** in an amount equivalent to the said increase in prices, said increase not to exceed six per cent (6%) of the sale price of **The Unit**.

(b) In the event of any such increase in price, **PROMISSOR SELLER** will immediately notify **PROMISSOR BUYER** in writing and **PROMISSOR BUYER** hereby accepts said increase and agrees to pay the difference in price together with the balance due on the price of **The Unit** as stated in section iv) of paragraph (a) of **Clause Six** hereof.

<u>THIRTEEN</u>: **PROMISSOR BUYER** hereby states having knowledge of and accepting the following:

i) That the **PROMISSOR SELLER'S** liability for damages resulting from construction defects is limited to one (1) year only, starting on the date in which the corresponding authorities issue the Occupation Permit.

ii) That enclosing balconies or terraces or any alterations to the exterior design of the **Building** is not permitted.

<u>FOURTEEN</u>: Without affecting **Clause Eleven** hereof, **PROMISSOR SELLER** hereby states that construction of the **Building** commenced on May 5th, 2007 and that consequently **The Unit** promised for sale will be ready approximately forty (40) months after the **Construction starting date**. The parties understand that the **Construction starting date** corresponds to the day in which pile work of the building began.

<u>FIFTEEN</u>: The fact that either one of the parties allows, one or several times, non-compliance by the other party, or an imperfect compliance, or compliance otherwise than as agreed upon, or does not insist on the compliance of such obligations, or does not exercise any corresponding contractual or legal rights in a timely fashion, shall not be deemed as nor be equivalent to an amendment hereof, nor ban in any case such party from insisting on the faithful and specific compliance of the obligations

PROMITENTE VENDEDOR devolverá a EL PROMITENTE COMPRADOR todas las sumas de dinero que se hubieren abonado hasta la fecha a buena cuenta del precio de "la Unidad", más intereses compensatorios calculados al tres por ciento (3%) anual a título de transacción por terminación.

**DÉCIMO SEGUNDA:** El precio de venta de "la Unidad" indicado en la **Cláusula SEXTA** de este documento ha sido convenido teniendo en consideración los costos de construcción actuales, así como los costos de salarios, mano de obra, prestaciones sociales, cargas fiscales y precios de materiales de construcción vigentes al momento de la firma de la presente **Promesa de Compraventa**.

(a) Queda convenido entonces que cualquier aumento en los costos antes indicados dará derecho a **EL PROMETENTE VENDEDOR** a aumentar el precio de venta de "la Unidad" en una cantidad igual al aumento de dichos costos pero en todo caso hasta un tope máximo del seis por ciento (6%) del precio de venta de "la Unidad".

(b) De presentarse este aumento de precio, **EL PROMITENTE VENDEDOR** así lo notificará inmediatamente por escrito a **EL PROMITENTE COMPRADOR** quien desde ya lo acepta y la diferencia será pagada por este último junto con el pago del saldo final del precio de "la Unidad" en la oportunidad indicada en la sección iv) del literal (a) de la **Cláusula SEXTA** de este documento.

**DÉCIMO TERCERA:** EL **PROMITENTE COMPRADOR** manifiesta conocer y acepta lo siguiente:

   (i) Que el límite de responsabilidad del **PROMITENTE VENDEDOR** en concepto de daños por defectos de construcción es de un (1) año solamente contados a partir de la fecha de expedición del Permiso de Ocupación de "el Edificio" por parte de las autoridades correspondientes.

   (ii) Que no está permitido el cierre de los balcones o terrazas y ningún cambio o modificación en la fachada de "el Edificio".

to be fulfilled by the other party, or from exercising its conventional or legal rights.

**SIXTEEN:** All legal and notary expenses caused by the **Public Deed of Sale** and of mortgage as the case may be, such as expenses incurred when recording in the Public Registry, will be exclusively payable by the **PROMISSOR BUYER**. All fiscal and stamp tax related expenses resulting from this **Promise of Sale**, as well as all notary, legal, recording, legal fees or any other expenses resulting from the **Public Deed of Sale** shall be paid exclusively by the **PROMISSOR BUYER**.

**SEVENTEEN:** All communications and notices to be made by the **PROMISSOR SELLER** to the **PROMISSOR BUYER** or vice-versa and related to this **Promise of Sale** must be addressed via courier, through certified mail and / or e-mail to the following addresses and / or telephones as the case may be:

**PROMISSOR BUYER**
Bella Mar Corporation, S. A.
_____
_____
_____
_____
_____

**PROMISSOR SELLER**
Newland International Properties Corp.
c/o Mr. Roger Khafif,
Calle 53 Obarrio,
Plaza 53 TOC Sales Center
Panama City, Rep. of Panama.
(507) 223-0200 (office)
(507) 223-0225 (fax)
E-mail:rogerk@trumpoceanclub.com

**EIGHTEEN:** This contract is subject to the laws of the Republic of Panama and any dispute concerning it will be subject first and foremost to the courts of Panama City, Republic of Panama.

**NINETEEN:** The parties to the **Promise of Sale** hereby represent that:

a) This agreement has been drafted in English and that a counterpart in Spanish is included to accomplish with Panama Law.

11

**DÉCIMO CUARTA:** Sin perjuicio de lo previsto en la cláusula **DÉCIMO PRIMERA** de este documento, el **PROMITENTE VENDEDOR** manifiesta que la construcción de "**el Edificio**" inició el día 5 de mayo de 2007, por lo que "**la Unidad**" prometida en venta al **PROMITENTE COMPRADOR** estaría lista para serle entregada aproximadamente cuarenta (40) meses a partir del inicio de la construcción. Se entiende que "la Fecha de Inicio de Construcción" corresponde al día que comenzaron los trabajos de pilotajes de "**el Edificio**".

**DÉCIMO QUINTO:** El hecho de que una de las partes permita una o varias veces que la otra incumpla sus obligaciones o las cumpla parcialmente o imperfectamente, o en forma distinta a lo pactado, o no insista en el cumplimiento de tales obligaciones, o no ejerza oportunamente los derechos contractuales o legales que le corresponden, no se reputará como modificación del presente contrato, ni obstará en ningún caso para que dicha parte en el futuro insista en el fiel cumplimiento de las obligaciones a cargo de la otra, o ejerza los derechos que le corresponden de conformidad con las leyes y esta **Promesa de Compraventa**.

**DÉCIMO SEXTA:** Los gastos de abogados, los notariales de la **Escritura Pública de Compraventa**, de hipoteca si es el caso, así como los gastos para su inscripción en el Registro Público, correrán de cuenta y cargo exclusivo del **PROMITENTE COMPRADOR**. Todos los gastos fiscales y de timbres que la presente **Promesa de Compraventa** ocasione, así como todos los gastos notariales, de registro, honorarios legales o cualesquiera otros que ocasione la **Escritura Pública de Compraventa** serán de cuenta y cargo exclusivo de **EL PROMITENTE COMPRADOR**.

**DÉCIMO SÉPTIMA:** Todas las comunicaciones y notificaciones que **EL PROMITENTE VENDEDOR** deba a realizar a **EL PROMITENTE COMPRADOR** o viceversa relacionadas con esta **Promesa de Compraventa** deben ser dirigidas vía courier, correo físico con constancia de recibo y/o correo electrónico a las siguientes direcciones y/o teléfonos según el caso:

b) Previous to the execution of this **Promise of Sale** the **PROMISSOR BUYER** had enough time as he wishes to have to:

i) Read carefully and understand this document;

ii) Ask the **PROMISSOR SELLER** all the questions he might consider necessary concerning **The Building, The Unit** and this document;

iii) Seek and obtain independent real estate, legal and/or financial counsel when needed.

iv) Propose to the **PROMISSOR SELLER** when he deemed necessary, amendments or a different drafting to the clauses of this document.

The Parties hereby state that they are fully empowered to act and agree to the obligations contained herein and that consequently, each one accepts each and every clause contained herein in the terms and under the conditions hereby stated.

IN WITNESS WHEREOF, the parties execute this Agreement, the **Promise of Sale**, in _____ and Panama City, Republic of Panama, in two counterparts having the same content and effect, on this date Nov 12th , in the year two thousand and eight (2008).

12

**EL PROMITENTE COMPRADOR**

Bella Mar Corporation, S. A.

_____
_____
_____
_____

**EL PROMITENTE VENDEDOR**
Newland International Properties Corp.
C/O Mr. Roger Khafif,
Calle 53 Obarrio,
Plaza 53 TOC Sales Center,
Panama City, Rep. of Panama.
(507) 223-0200 (office)
(507) 223-0225 (fax)
E-mail:rogerk@trumpoceanclub.com

**DÉCIMO OCTAVA:** Este contrato está sujeto a las leyes de la República de Panamá y cualquier controversia que surja con relación al mismo, se someterá a los tribunales de justicia con sede en la Ciudad de Panamá, República de Panamá, con preferencia sobre cualquiera otra sede o domicilio.

**DÉCIMO NOVENA:** Las partes en esta **Promesa de Compraventa** manifiestan entender y aceptar que:

a) Esta Promesa de Compraventa ha sido redactada en Inglés y una versión en Español está incluida para efectos de cumplimiento de la ley panameña.

b) Antes de la firma de esta **Promesa de Compraventa EL PROMITENTE COMPRADOR** tuvo suficiente tiempo según fuese su deseo para:

    i. Leer cuidadosamente este documento y entenderlo.

    ii. Formular al **PROMITENTE VENDEDOR** todas las preguntas relativas a **"El Edificio"** a **"La Unidad"** y a este documento que consideró necesarias

    iii. Solicitar opinión a su propio asesor de

|   |   |
|---|---|
| finca raíz, legal o financiero con relación a esta **Promesa de Compraventa** | |
| iv. Proponer al **PROMITENTE VENDEDOR** si así fuese su deseo, modificaciones o una redacción diferentes a las cláusulas de la **Promesa de Compraventa**. | |
| Declaran las partes que tienen plena capacidad jurídica para obligarse en lo previsto en esta **Promesa de Compraventa**, y que en consecuencia aceptan todas y cada una de las cláusulas del presente documento en los términos y condiciones expresadas. EN FE DE LO CUAL las partes suscriben este Contrato en _____ y en la ciudad de Panamá, República de Panamá, en dos (2) ejemplares del mismo tenor y efecto a los 12th días, del mes de Nov de 2008. | |

**EL PROMITENTE VENDEDOR / THE PROMISSOR SELLER**

NEWLAND INTERNATIONAL PROPERTIES CORP.

_____
ROGER KHAFIF
Cédula / ID Number: N-17-630

**EL PROMITENTE COMPRADOR / THE PROMISSOR BUYER**

_____Pekaypy_____
Nombre / Name: Bella Mar Corporation, S. A.
Identificación / Passport Number: 60N4158904

14