UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81466-CIV-DIMITROULEAS

GREG LANDAU; EUGENIA BAUMEL;
BELLA MAR CORPORATION, S.A.,
TED BIELENDA; DOROTHY BIELENDA
et al.,

        Plaintiffs,

vs.

NEWLAND INTERNATIONAL PROPERTIES,
CORP., ROGER KHAFIF; THE TRUMP ORGANIZATION;
DONALD TRUMP, individually,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

THIS CAUSE is before this Court upon Defendants Roger Khafif, The Trump

Organization and Donald Trump (collectively, "Defendants") Motion to Dismiss the Amended

Complaint [DE 28], filed herein on February 24, 2011.  The Court has carefully considered the

Motion, Plaintiffs' Response [DE 34], Defendants' Reply [DE 42] and is otherwise fully advised

in the premises.

### I.  BACKGROUND

Plaintiffs commenced the instant action on November 12, 2010.  On December 21, 2011,

Plaintiffs filed an amended complaint ("Complaint") [DE 12], currently the operative pleading in

this action.

Plaintiffs are purchasers of forty-two condominium units at the Trump Ocean Club

International Hotel & Tower located in Panama.  Each purchaser signed a Purchase Agreement

1

sometime between 2006 and 2009 ("Purchase Agreements") with the developer, Newland

International Properties Corp.  Plaintiffs brought this action against Defendants Roger Khafif

("Khafif"), the Trump Organization ("TC"), Donald Trump ("Trump") and Newland

International Properties ("Newland").[1]

Plaintiffs seek to rescind purchase contracts for condominiums in Panama which were

agreed upon as a result of numerous alleged misrepresentations by Defendants.  Plaintiffs

contend that, if not for Defendants' misrepresentations regarding, at a minimum, (1) Plaintiffs'

ability to obtain 70% financing from Defendants; (2) the location of the Trump Ocean Club; and

(3) the existence of a Trump branded Casino, Plaintiffs would not have agreed to purchase these

units.  As such, each Plaintiff asserts each of the following five counts: Count I - Violation of 15

U.S.C. § 77e; Count II - Control Person Liability; Count III - Violation of 18 U.S.C. §§ 1961-

1968 (the Racketeer Influenced and Corrupt Organizations Act (hereafter "RICO")); Count IV -

Violation of 15 U.S.C. § 1703(a)(1)(C) of the Interstate Land Sales Full Disclosure Act

(hereafter "ILSA"); and Count V - Violation of 15 U.S.C. § 1703(a)(1)(B) of ILSA.

Defendants filed the instant motion to dismiss the entire action for improper venue under

Fed. R. Civ. P. 12(b)(3) on the grounds that the mandatory forum selection clause in the

Purchase Agreements designates Panama as the proper forum for this action.[2]

---

[1] Newland has not yet been served in Panama.  Plaintiffs sought, and were granted, an extension of time until September 1, 2011 to serve Newland. See [DE 36].

[2] Defendants also move to dismiss the action for failure to state a claim under Fed. R. Civ. P 12(b)(6).  Plaintiffs respond that, in the event that the Court does not dismiss the action based upon the forum selection clause, they seek to amend their complaint to plead additional facts to support its causes of action.  Accordingly, this Order shall be limited to the issue of the enforceability of the subject forum selection clause.

## II. **DISCUSSION**

In the instant Motion, Defendants argue that Plaintiffs' claims against all of the Defendants are dependent on the existence of the contractual relationship between the parties because Plaintiffs seek to recover in Counts I through V the deposits paid pursuant to the Purchase Agreements and because Plaintiffs' claims are related to or arise from the Purchase Agreements and contractual relationships, and/or require an interpretation of the Purchase Agreements and their terms.  Accordingly, Defendants argue that the entire actions should be dismissed for improper venue pursuant to the forum selection clause of the Purchase Agreements, which provides: "This contract is subject to the laws of the Republic of Panama and any dispute concerning it will be subject first and foremost to the courts of Panama City, Republic of Panama." See [DE 28-1 at ¶ 18].  Accordingly, Defendants argue that the forum selection clause should be enforced and that this case should be dismissed for improper venue under Rule 12(b)(3).

In Response, Plaintiffs argue that the forum selection clause is unenforceable under the test set forth in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  They claim that the subject forum selection clause must be invalidated because (1) Plaintiffs effectively would be deprived of their day in court because of the unfairness of the chosen forum; (2) public policy prohibits finding the forum selection clause enforceable because it contravenes the anti-waiver provisions of RICO and ILSA; and (3) the fundamental unfairness of the chosen law (Panama) would deprive the Plaintiffs of a remedy, and Plaintiffs' causes of action for the Securities, RICO, and control person liability claims are non-existent in Panama.

In Reply, Defendants argue that Plaintiffs have not made a strong showing that enforcement of the forum selection clause would be unreasonable under the circumstances because (1) a Panamanian forum is not fundamentally unfair or corrupt; (2) there is no strong public policy of this forum that would be contravened by the Court's enforcement of the mandatory forum selection clause; and (3) a Panamanian forum would not deprive Plaintiffs of a remedy.

In the Eleventh Circuit, "motions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). As such, "the court may consider matters outside the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'" Fred Lurie Associates, Inc. v. Global Alliance Logistics, Inc., 453 F.Supp.2d 1351, 1353 (S.D. Fla. 2006) (citations omitted).

The forum selection clause of the subject Purchase Agreements provides: "This contract is subject to the laws of the Republic of Panama and any dispute concerning it will be subject first and foremost to the courts of Panama City, Republic of Panama." See [DE 28-1 at ¶ 18]. This language implies that the clause is mandatory, rather than permissive. See, e.g., Emerald Grande, Inc. v. Junkin, 334 Fed.Appx. 973, 975-76 (11th Cir. 2009). The Court finds that the broad construction of the forum selection clause ("any dispute concerning [the contract]") applies to all of Plaintiffs' claims against all Defendants, regardless of whether the claims sound in breach of contract or tort, as the Purchase Agreements were the source of the parties' relationships and are central to all of the claims raised in the Amended Complaint. See Bahamas

Sales Associate, LLC v. Byers, 2011 WL 1296595, *4-5 (M.D. Fla. March 31, 2011) (holding

the Bahamian venue provision of Plaintiffs' purchase contracts also applied to their RICO and

ILSA claims); Woods v. Christensen Shipyards, Ltd., 2005 WL 5654643, *7 (S.D. Fla.

September 23, 2005) ("[C]ontractual and tort claims, whether common law or statutory,

involving the same operative facts 'should be heard in the forum selected by the contracting

parties.'") (citations omitted); see also Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066

(11th Cir. 1987) (finding all causes of action arising directly or indirectly from the contractual

relationship to be covered by the forum selection clause).

Additionally, while Defendants Roger Khafif, Donald Trump, and the Trump

Organization are not signatories to the Purchase Agreements, the Court finds that they may

enforce the forum selection clause.  So long as the non-parties are "closely related to the dispute

such that it becomes foreseeable that [non-parties] will be bound" the forum-selection clause can

bind non-parties. Lipcon, 148 F.3d at 1299 (citations and quotations omitted). See Liles v.

Ginn-La West End, Ltd., 631 F.3d 1242, 1256–57 (11th Cir. 2011) (allowing non-signatory

defendants to invoke the Bahamian forum-selection provision in Plaintiffs' purchase contracts

under an equitable estoppel theory, which is appropriate when a signatory to the contract "raises

allegations of ... substantially interdependent and concerted misconduct by both the nonsignatory

and one or more of the signatories to the contract") (quoting MS Dealer Serv. Corp. v. Franklin,

177 F.3d 942, 947 (11th Cir. 1999)); Barrios v. Ginn-La West End, Ltd., No. 10–13004 at 3–4

(11th Cir. Mar. 4, 2010) (permitting non-signatory defendants to invoke purchase contracts'

Bahamian venue provision pursuant to the reasoning in Liles).  See also Miyoung Son v. Kerzner

Int'l Resorts, Inc., 2008 WL 4186979, at *5 (S.D. Fla. Sept. 5, 2008) (citations omitted) ("[A]

party need not sign a forum selection clause to be bound by the terms of the clause.").

Forum selection clauses are presumptively valid, and the burden of proving their unreasonableness is a heavy one.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Bremen, 407 U.S. at 15.  The presumption of enforceability of forum selection clauses may be overcome only by a clear showing that the clause is unreasonable under the circumstances.  Bremen, 407 U.S. at 10.  A forum selection clause may be unreasonable where (1) incorporation of the clause was the product of fraud or overreaching; (2) a party will "for all practical purposes by deprived of his day in court" because of inconvenience or unfairness of the selected forum; (3) the unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.  Shute, 499 U.S. at 395; Bremen, 407 U.S. at 12-13.  Plaintiffs' Response contends that the second, third, and fourth of these factors mandate invalidating the subject forum selection clause.[3]

     *(a)*     *Whether Plaintiffs would be deprived of their day in court because of the unfairness of the chosen forum*

Under this prong, Plaintiffs argue that, if forced to litigate this case in Panama, Plaintiffs will not have their day in court due to the corrupt nature of Panama's courts.  "[A]n adequate forum need not be a perfect forum," Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001) (quoting Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001). See also Leon, 251 F.3d at 1311-12 ("As Judge Ryskamp has noted, the argument that the alternative forum is too corrupt to be adequate 'does not enjoy a particularly impressive track record.'") (citing Eastman Kodak Co. v. Kavlin, 978 F.Supp. 1078, 1084 (S.D. Fla.1997)).

_____

[3] Plaintiffs do not contend that the forum selection clause was induced by fraud or overreaching, rendering the first Bremen factor inapplicable to the Court's analysis.

In conjunction with their Motion, Plaintiffs attach a declaration of Plaintiff's legal expert, Miguel Antonio Bernal, and articles discussing examples of corruption and bribe-taking by judges in Panama courts.   However, Plaintiffs have cited no cases (nor did the Court locate any) where a federal district court found the courts of Panama so fundamentally unfair under the Bremen analysis so as to prevent a Rule 12(b)(3) dismissal for purposes of enforcing a forum selection clause assigning venue to the courts of that country.   The Court also notes that other district courts in the Southern District of Florida have earlier this year dismissed cases under Rule 12(b)(3) to be re-filed in Panama based on forum selection clauses in real estate purchase contracts. See Cantley v. Ducharme, 2011 WL 611623, *4 (S.D. Fla. Feb. 15, 2011); Gonzalez v. Watermark Realty Inc., 2010 WL 1299740 (S.D. Fla. March 30, 2010).

Additionally, the Court notes that Mr. Bernal's opinions of corruption in the Panamanian judicial system are called into question by the opinions of Defendants' Panamanian legal expert, Beatriz Lorena Romera, who, as a practicing attorney in Panama, disagrees with Mr. Bernal's contentions about the partiality of judges in Panama. See [DE 42-1].  Ms. Romera states that Panama has several mechanisms in place to deal with possible corruption in the court system, including maintaining laws that punish corruption of public officials by imprisonment of four to eight years. See id.  In light of the above, the Court is unpersuaded that the selected Panamanian forum is fundamentally unfair or corrupt.

In their Motion, Plaintiffs also argue that there is no guarantee that they will be able to obtain personal jurisdiction over Trump and TC, as Plaintiffs do not know the extent Trump and TC availed themselves to the laws of Panama sufficient for jurisdiction.  Having moved the Court to dismiss this case because it must be litigated in Panama, Defendants may not object to

personal jurisdiction in Panama in the event this action is re-filed there.  If Defendants do not

submit to personal jurisdiction of the courts in Panama, Plaintiffs shall be entitled to re-file their

case in this Court. See, e.g., Gonzalez, 2010 WL 1299740, *6 ("Therefore, the Court dismisses

the case without prejudice as to all counts with leave to re-file in the event there is no personal

jurisdiction over the parties in Panama. The Court finds that this result will avoid depriving

Plaintiff of his day in court.")

      *(b)      Whether public policy prohibits finding the forum selection clause enforceable*

A forum selection clause will not be enforced if the "enforcement of such provisions

would contravene a strong public policy." Lipcon, 148 F.3d at 1292.  In Bremen, the Supreme

Court stated that a forum selection clause should not be enforced "if enforcement would

contravene a strong public policy of the forum in which suit is brought whether declared by

statute or judicial decision." 407 U.S. at 15.

Plaintiffs contend that the anti-waiver provisions of RICO and ILSA bar Defendants'

insertion of a forum selection clause which avoids RICO and ILSA regulation.  Plaintiffs

concede that a similar argument was proffered and denied in Lipcon.  Nonetheless, they argue

that the Court should not follow Lipcon in the instant case because the Purchase Agreements

here are not truly international, unlike in Lipcon.  The Court disagrees.  Earlier this year, under

similar circumstances to the instant action, the Eleventh Circuit found the real estate purchase

contracts at issue to be in international in nature:

> At the outset, the Court finds that the contracts and underlying
> transactions in this case are "truly" and "fundamentally" international. Plaintiffs,
> the buyers in the respective contracts, are all American residents, whereas
> Defendant Ginn–La, the seller in each contract, is a Bahamian corporation. The
> contracts were negotiated in the United States, but the closings apparently took
> place partially in the United States and partially in the Bahamas. *Finally, and*

>      *perhaps most importantly, the subject matter of the contracts each concerns the*
>      *sale of real property in the Bahamas.* Accordingly, the contracts are truly
>      international. . .

Liles, 631 F.3d at 1256–57 (internal citations omitted) (emphasis added).  See also Cantley v.

Ducharme, 2011 WL 611623, *4 (S.D. Fla. Feb. 15, 2011) (holding condominium purchase

agreements were "fundamentally international" in character where "[t]hey were executed

between United States citizens and a Belize corporation . . . concerning investment properties in

Panama.").  Here, Plaintiffs are comprised of Panamaniam corporations, American residents, and

a Russian resident, while the Defendant Newland, the seller in each contract, is a Panamanian

corporation.  And, "most importantly," the subject matter of the contracts each concerns the sale

of real property in Panama.  Accordingly, the Court finds the contracts at issue to be

international in nature.  Thus, the Eleventh Circuit's analysis in Lipcon is applicable here, and

this Court likewise rejects Plaintiffs' public policy argument relying on the anti-waiver

provisions of ILSA and RICO.

>      (c)      *Whether the fundamental unfairness of the chosen law would deprive the*
>               *Plaintiffs of a remedy*

A forum selection clause will not be enforced if "the fundamental unfairness of the

chosen law would deprive the plaintiff of a remedy." See Lipcon, 148 F.3d at 1297 ("We will not

invalidate choice clauses, however, simply because the remedies available in the contractually

chosen forum are less favorable than those available in the courts of the United States.  Instead,

we will declare unenforceable choice clauses only when the remedies available in the chosen

forum are so inadequate that enforcement would be fundamentally unfair.").  In support of that

statement, the Eleventh Circuit cited the Second Circuit in Roby v. Corporation of Lloyd's, 996

F.2d 1353, 1360-61 (2nd Cir. 1993), which held that the agreement "must be enforced even if

that agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum." See, e.g., Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 129 (2nd Cir. 1987) (Philippines adequate forum even though plaintiffs could not bring RICO claim and recover treble damages). See also Fred Lurie Associates, 453 F.Supp.2d at 1355 (explaining this exception applies "where the nature of the other forum's law which the clause would require to be applied would necessarily preclude recovery for the plaintiff."); Cantley, 2011 WL 611623, *7 (enforcing Panama forum selection clause where, "[h]aving considered the arguments and legal opinions submitted by both sides, the Court is satisfied that Panama law would not completely deprive [Plaintiffs] of a chance to recover their alleged damages in this case.").

Plaintiffs submit the declaration of their expert on Panama law, Miguel Bernal, who states in pertinent part:

> It is my considered opinion that if the plaintiffs in the above styled action were required to file their claims in Panama they would not receive a fair trial or obtain justice. Furthermore, Panama does not have anything remotely similar to the claims presented for securities fraud, Interstate Land Sales Act violations, or RICO. There are no actions for control person liability and failure to issue a property report.

[DE 34-3], ¶ 6. The Court finds that Plaintiffs' submission falls short of demonstrating that Panama law would necessarily completely deprive them of any chance to recover their alleged damages in this case under any legal theories or causes of action available in Panama.

Alternatively, Defendants submit the declaration of their expert on Panama law, Beatriz Romero, who avers that Panama law would provide some relief for Plaintiffs if they were to bring their action in Panama, as (1) Panama law allows for recovery of damages for actions grounded in fraud and (2) Panama law provides mechanism to nullify contract where consent is induced by fraud. See [DE 42-1] at ¶¶ 3, 4. See also Cantley, 2011 WL 611623, *7 (finding

similar types of fraudulent misrepresentation claims could be brought in Panama against individual inducing harmed party to enter into contract).

Accordingly, the Court cannot say that the fundamental unfairness of Panama law would deprive the Plaintiffs of any remedy.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs have failed to meet the "heavy burden" to make a clear showing that the forum selection clause is unreasonable and should be set aside.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)     Defendants' Motion to Dismiss the Amended Complaint [DE 28] under Rule 12(b)(3) is hereby **GRANTED**[4] for improper venue based on a forum-selection clause in the contracts;

(2)     This case is hereby **DISMISSED WITHOUT PREJUDICE** in accordance with this Order;

(3)     The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions.

---

[4] Because the venue issue is dispositive, the Court need not address the Defendants' arguments for dismissal under Rule 12(b)(6).  See Liles, 631 F.3d at 1244.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 7th day of June, 2011.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Counsel of record